## Lillard *v.* The Planters' Bank.

By the statute of 1838, it is not necessary to verify a plea in abatement by affidavit, when the abateable matter appears upon the face of the record.

When it was pleaded in abatement, under the statute of 1837, requiring the drawers and endorsers of promissory notes and bills of exchange, if being and residing in this state, to be joined in the same action, that all the endorsers were not joined though living and resident in the state, and the plea was treated as a nullity for want of verification by affidavit: *Held*, the facts which constituted the *gravamen* of the plea did not appear upon the record.

When some of the drawers or endorsers of a note, or bill, are not joined as defendants in a suit thereon, it is not necessary, under the statute of 1837, that the plaintiffs should allege that such parties are dead, or do not reside in this state.

It is an established rule of pleading, that, if it appear on the pleadings of the plaintiff, that the party omitted is still living, and ought to be joined, the defendant may demur; but when the objection does not so appear, it can only be taken advantage of by plea in abatement, verified by affidavit.

ERROR to the circuit court of Adams county.

This cause was tried at the March term of said court, 1838, before the Hon. George Coulter. It was an action of *assumpsit*, on a promissory note drawn by one Smith, in favor of Neibest & Gemmel, endorsed by them, also by Lillard, by one Lyle, by Murchison & Doyal, and Jacob Soria & Co.

Lillard appeared and pleaded in abatement the non-joinder of the above parties under the statute of 1837, and that they were still living in the city of Natchez.

The court treated the plea as a nullity, for want of verification by affidavit, and rendered judgment by *nil dicit*.

The declaration also contained the common money counts, upon which there was not a discontinuance before judgment.

The judgment of the court on the plea, and the want of discontinuance on the common counts, are assigned for error in the proceedings below.

[Lillard *v.* The Planters' Bank.]

Winchester and Van Winkle, for plaintiff in error.

The question before the court here, is, was the said plea properly stricken out?

It is contended by the plaintiff in error, that it was not properly stricken out, on the following grounds:

First. That the act of 1837, which declares that plaintiffs in actions on promissory notes, "shall be compelled to sue the drawers and endorsers, living and resident in this state, in a joint action," is constitutional and valid—that the remedy thereby given is not merely cumulative, but exclusive, and prohibits separate suits against drawers and endorsers—and that, therefore, the non-joinder of them is sufficient matter of abatement.

Secondly. The writ and declaration of the plaintiffs below, show, upon their face, that there were certainly parties to their note upon which the defendant below was sued, who, under the said act of 1837, ought to have been made co-defendants with him, unless they either were not living, or were not resident in this state at the time this suit was brought; and as the pleadings of the plaintiff do not allege that said parties were not living or not resident in this state, it must be presumed that they were both living and resident in this state. Gould's Pleading, p. 279, ch. 5, sect. 115, and ch. 5, sect. 109.

Thirdly. The plaintiffs below make it evident by their own pleadings, that they had no right to recover in their suit as it was brought. The mistake appears upon the record by their own showing; and in fact, there was no need of the defendant pleading it at all, if he had been disposed to take advantage of their own confessions by motion or otherwise. Gould's Pleading, 280, ch. 5, sect. 115; 1 Chit. Plead. 53. See also Hickmot's case, 9 Rep. 52, b, where the plaintiff is adjudged to have abated his own writ by a like confession in his replication, and was accordingly non-suited.

Fourthly. If the plaintiffs themselves show in their declaration or other pleadings, that there were parties, who, under the law of the land ought to have been joined as defendants, but who are not so joined, the action must abate; 2 H. 7, 16, b; 1 Leon. 41; Hob. 164; for the non-joinder is a good ground of demurrer, or motion in arrest of judgment; and, if judgment be given for

[Lillard *v.* The Planters' Bank.]

the plaintiff, may be assigned for error.  Gould's Pleading, p. 279, ch. 5, sect. 115.  So where an action is brought by a sole plaintiff, and it appears on the face of any of the plaintiff's own pleadings, that another ought to have been joined as co-plaintiff, the mistake is incurable, even after verdict.  Gould's Pleading, p. 275, ch. 4, sect. 109.  And error may be assigned on a judgment rendered upon any dictatory plea, as well as upon a final judgment.  Gould's Pleading, p. 297, ch. 5, sect. 153.

Fifthly. The "act in relation to pleas in abatement," passed February 9th, 1838, declares, that "from and after the passage of this act, it shall not be necessary to verify any plea in abatement, in any court in this state, by affidavit, when the abatable matter is apparent upon the face of the record, any law or usage to the contrary, notwithstanding." Laws of Mississippi, 1838, p. 129.

Sixthly. It cannot be contended then, that the plea in abatement was properly stricken out, because of its not having been verified by affidavit.  If the above cited authorities have any weight, there was no need of the defendant even pleading what the plaintiffs had already admitted in their declaration; and it would be much less reasonable for them to call upon the defendant to swear to that which they themselves have conceded on the face of the record; for they had already, in the words of Hickmot's case above quoted, "abated their own writ;" and if the defendant chose to bring that fact before the court by a plea in abatement, instead of a demurrer or motion in arrest of judgment, as, according to the authorities before cited, he might have done, he surely was not bound to do more than plead the simple matter of abatement as it appears upon the face of the plaintiffs' own declaration.

Hughes, *contra.*

There is no error.  The plea in abatement, filed by the defendant below, was properly treated as a nullity.  It should have been sworn to and was not.  There were other facts stated in the plea, than those which appeared on the record, to wit; that there were other parties living in Natchez, who should have been jointly sued.

[Lillard *v.* The Planters' Bank.]

But it is insisted by plaintiff, that the same facts, which are set out in the plea, are good in arrest of judgment, or on error; *non constat*, because the only mode of getting at this is by demurrer, if it was a good objection, and is after judgment cured by the statute of jeofails.   Rev. Code, 124, sect. 91, 92.

Mr. Justice TROTTER delivered the opinion of the court.

There are two objections made against the validity of the judgment rendered by the court below in this cause.

1. It assigned as error, that the circuit court rejected the plea in abatement tendered by the plaintiff in error.

2. That the judgment which is final, was rendered upon *nil dicit*, when there had been no discontinuance of the common counts in the declaration.

The plea in abatement, which was treated as a nullity by the court below, was not verified by affidavit.   This, it is contended by the plaintiff, was not necessary, because the abateable matter appeared upon the face of the pleadings.   If this be true, then, according to the provisions of the act of 1838, in relation to pleas in abatement, the plea was good, and it was error in the court below to disregard it.   We are then to inquire what are the facts in the plea, and whether the record proves their existence.   The action is against Silas Lillard, as the endorser of a promissory note, made by one John S. Smith, payable to the order of Neibest & Gemmell, and endorsed by them to Lillard, by him to Lyle, and by him to Murchison & Doyal, and by them to J. Soria & Co., and by them to defendants in error.   The objection to the proceedings in the court below is the non-joinder of the maker, and the several other endorsers of the note in the suit with Lillard. And this objection is made upon the provisions of the act of 1837, which provides "that the plaintiff shall be compelled to sue the drawers and endorsers of promissory notes, and bills of exchange, if living, and resident in this state, in a joint action."   The pleadings of the plaintiffs are silent as to the residence of the several other parties to the note, and do not state that they are living. The plea in substance avers that they were in full life and residents in this state at the date of the institution of the action. The facts then which constitute the gravamen of the plea do not appear

·[Lillard *v.* The Planters' Bank.]

upon the record. But it is insisted that the other parties are presumed in law to be living, and resident in the state, as the pleadings of the plaintiff show that they were parties to the note, and do 'not allege that they were *not living*, or *not residents in the state*. But it does not appear to us that if we admit the truth of this argument, it will cure the objection to the plea. For if the law be as stated by the counsel for the plaintiff in error, he should have demurred for the insufficiency of the pleadings. According to established rules of pleading in reference to the parties to the action, it is held, " that if it expressly appears upon the face of the declaration, or some other pleadings of the plaintiff, that the party omitted is still living, as well as that he jointly contracted, the defendant may demur." 1 Chit. Plead. 53. And when the objection does not appear so of record, it can only be taken advantage of by plea in abatement, verified by affidavit. *Ibid·* The statute·of the 3 and 4 W. 4, requires the affidavit to *state the residence* of the omitted defendant in England, &c. From this direction in the act of William, the rule of pleading in England was not understood as stated by the defendant's counsel. But we feel assured by the general rules which prevail on this subject, that it was not necessary for the plaintiff below to state the negative facts urged to be necessary by the defendant. The plaintiff is not bound in any case, to state any more facts than are necessary to present to the court a good cause of action. His right of action against any one of the endorsers, or other parties to the note or bill of exchange, of which he is the holder, is undoubted at common law. The act of 1837 was adopted to prevent a multiplicity of suits, and to avoid unnecessary costs. Its only object was, therefore, to change the rule of pleading at common law, by making the parties all liable in one suit. It was enacted for the benefit of the parties to the note, or bill of exchange. It was never designed to change the character of the contract, or the rights and liabilities of the several parties to it. It makes the contract *a joint one*, for the purposes before stated. It alters no other rule of pleading. At common law the action must be brought against all the parties to a joint contract. And yet it has been held, that, in case of defendants, if one of the parties originally bound be dead, it is not necessary to notice him in the

[Lillard *v.* The Planters' Bank.]

declaration, and the survivors need not be declared against, as such, &c.  1 Chit. Plead. 49.   1 B. and Ald. 29.   The rule relied upon by the counsel for the plaintiffs in error, which presumes that a party is living until the contrary appears, is not applicable to the pleadings in the cause.  But be this as it may, we apprehend that there is no rule of pleading which authorises a court to presume that a party to a joint contract resides in the state, because an action may be instituted upon it in one of our courts.   Such was not understood to be the rule in England at the time of the adoption of the act of William 4, before noticed, or the defendant would not have been required to state in his plea the residence in England of the omitted party, and that act required the plea to be verified by affidavit.   We are, therefore, of opinion that the court below did not err in treating this plea as a nullity.

In regard to the second error assigned, we have only to remark that, the question raised by it was decided upon by this court at the last term in the case of Gridley *v.* Brigs, Lacoste & Co., 2 How. Rep. 830.  In that case there was no discontinuance of the common counts of the declaration, and the judgment by default was held regular under the provisions of our statute.   We are not inclined to disturb that determination at this time.

The judgment below must therefore be affirmed with damages and costs, &c.